UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8908-MWF (AGRx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Shantre Investments, Inc. v. Jeff Thompson, et al. | | |

| Present: The Honorable | Michael W. Fitzgerald, United States District Judge | |
|---|---|---|
| Cheryl Wynn | None | None |
| Relief Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff | | Attorneys Present for Defendants |
| None | | None |

**Proceedings:** In Chambers: ORDER REMANDING ACTION TO STATE COURT

This matter comes before the Court on the Notice of Removal (Dkt. No. 1) of Carolina Sepulveda, who attempts to remove an ejectment action and/or the two associated cross-actions, all centered on a residential property in San Marino, California, where Sepulveda says she is a tenant. She has not attached the complaint in the core action, although she has attached the latter of two cross-complaints.

Sepulveda does not allege that she was named as a party in any of the removed proceedings or that she was ever served with process. Thus, there is no evidence Sepulveda is a defendant at all, as she must be in order to remove an action. *See* 28 U.S.C. § 1441(a) (permitting only defendants to remove).

An action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Id.* This "strong presumption" against removal to federal district court means "that the defendant always has the burden of establishing that removal is proper." *Id.*

As courts of limited jurisdiction, federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *See Stock v. Confederated Tribes, Etc.*, 873 F.2d 1221, 1225 (9th Cir. 1989). Here, Ms. Sepulveda principally asserts diversity jurisdiction, although she secondarily asserts federal question jurisdiction. She has not established that either form of original jurisdiction applies.

In support of diversity jurisdiction, Sepulveda states that two cross complainants, Lin and Chu, "are citizens of Taiwan," while Sepulveda "and Cross-Complainant Jeff Thompson [are citizens] of California." (Dkt. No. 1 at 3.) However, lawful permanent residents who reside in California, as Lin and Chu allege in the cross-complaint attached to the Notice of Removal (Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8908-MWF (AGRx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Shantre Investments, Inc. v. Jeff Thompson, et al. | | |

No. 1 at 27[1]), are non-diverse from California citizens for purposes of removal. 28 U.S.C. § 1332(a)(2). Sepulveda does not allege Lin and Chu are not lawful permanent residents.

Even if all parties were diverse in citizenship, moreover, and even if the Court assumes that the amount in controversy exceeds $75,000, diversity-based removal is unavailable to Sepulveda (assuming she is a defendant) because she is herself a California citizen. Such "local defendants" cannot remove actions on the basis of diversity jurisdiction. 28 U.S.C § 1441(b)(2).

Sepulveda's assertion of federal question jurisdiction is similarly infirm. The only pleading attached to the Notice of Removal, namely the second of two cross-complaints, asserts only state-law-based claims. (Dkt. No. 1 at 25-47.) She has failed to show that any pleading in the removed actions involves any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That Sepulveda may have federal-law-based *defenses* does not suffice to confer federal question jurisdiction for removal purposes. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994).

The Court notes that the underlying action was previously removed and promptly remanded. *See* docket in case no. CV 16-6924-SJO (MRWx). The Notice of Removal in that case, filed by an Ed Evans who claimed to reside in the San Marino house, bears a striking resemblance to the Notice filed by Ms. Sepulveda, who also claims to reside in that house.

For the foregoing reasons, the Court REMANDS the case back to the Superior Court of the State of California for the County of Los Angeles.

Initials of Preparer     cw

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.